## WABASH RY. CO. v. KOENIG et al.

(Circuit Court of Appeals, Eighth Circuit. July 16, 1921. Rehearing Denied October 7, 1921.)

### No. 5793.

1. **Abatement and revival** ⊙⇒9—**Injunction suit by carrier attacking state-fixed rates held a class suit preventing action by shipper for overcharge.**

    An injunction suit by a carrier against officers of a state and all shippers, though only one shipper was named, attacking a state-rate statute as unconstitutional, was a class suit binding on all shippers, so that, till reversal of a decree therein enjoining any steps to enforce the statute, shippers other than the one named could not institute action to recover charges collected in excess of such statutory rates.

2. **Judgment** ⊙⇒677—**Decree dismissing, without prejudice, suit by carrier against shippers as a class, after holding it without merit, held conclusive on the main question therein, in subsequent action by shipper to recover overcharge.**

    Decree of Supreme Court dismissing, without prejudice, injunction suit by carrier against shippers as a class, after holding it without merit, is

conclusive on the main question therein, whether the state rates were confiscatory, in a subsequent action by a shipper to recover of the shipper overcharges paid during the period of the injunction suit; and this notwithstanding a decision and order of the Interstate Commerce Commission prior to the decree of the Supreme Court, holding that there was a discrimination against interstate commerce by reason of, difference between interstate and intrastate rates, and ordering the removal thereof for the future.

3. Interest ⇐⇒12—Recoverable on excess charges by carrier.
    A shipper recovering excess charges of a carrier is entitled to interest thereon.

Appeal from the District Court of the United States for the Eastern District of Missouri; Walter H. Sanborn, Judge.

W. Koenig and others, doing business as Koenig, Buscher & Koenig, filed an intervening petition in a suit against the Wabash Railway Company, claiming a recovery for overcharges. From a decree in their favor, defendant appeals. Affirmed.

N. S. Brown, of St. Louis, Mo. (L. H. Strasser and Homer Hall, both of St. Louis, on the brief), for appellant.

Clifford B. Allen, of St. Louis, Mo. (Lee B. Ewing, of Nevada, Mo., on the brief), for appellees.

Before HOOK, Circuit Judge, and TRIEBER and NEBLETT, District Judges.

TRIEBER, District Judge. This is an appeal from a decree awarding appellees a recovery for charges for the transportation of grain between stations in the state of Missouri, alleged to have been in excess of the rates prescribed by the statutes of the state and the Railroad Commissioners of the State of Missouri under and by virtue of the laws of said state; that the rates prescribed by the acts of the Legislature and the Railroad Commissioners were attacked as unconstitutional by the appellant in an action instituted in the Circuit Court of the United States for the Western District of Missouri and the officers of the state, as well as the shippers enjoined from instituting any suits or taking any steps to enforce said acts of the Legislature; that appellees were not made parties defendant to said injunction suit, it was a class suit against all shippers, and by reason thereof included them; that said injunction remained in force and effect until February 6, 1914, at which time a decree was entered dissolving the injunction and dismissing the bill in said suit, without prejudice.

The material pleas in the answer so far as necessary for the determination of this appeal are:

1. That appellees were not parties to the injunction suit and therefore not in any way bound or restrained by the injunction, and that they had at all times the right to institute suits against the railroad company to recover judgment on any valid claims by reason of any unlawful rates or charges collected from them.

2. A denial that the rates charged and collected were without authority of law.

---
⇐⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. That the acts of the state of Missouri establishing freight rates were unconstitutional as being confiscatory.

4. That the rates fixed under the said laws of the state were void in violation of the Interstate Commerce Act of the United States (24 Stat. 379), as being unlawfully discriminatory between localities in the state of Missouri and localities in other states; that heretofore the Southwestern Missouri Millers' Club and the Merchants' Exchange of St. Louis, Mo., filed their complaints against appellant and other railroad companies before the Interstate Commerce Commission, wherein it was charged that the use by the shippers of Missouri and the charging of said statutory rates by the carriers in Missouri of grain between points in said state were unlawful, because they created an unlawful discrimination against interstate commerce, and on a hearing by the Interstate Commerce Commission, the charge was sustained. The opinion and order of the Commission is found in 34 Interst. Com. Com'n R. 351, 359. That in the proceeding before the Interstate Commerce Commission the Public Service Commission of the State of Missouri made itself a party, representing the state and every shipper therein, including appellees, and therefore they are concluded by the finding and order of the said Commission.

The petition was referred to a special master, who recommended that the petition of appellees be dismissed upon the ground that the Interstate Commerce Commission in the Southwestern Missouri Miller's Club Case, reported in 34 Interst. Com. Comn. R. 351, had decided that the Missouri state rates on grain were discriminatory and the appellant and the other railroads, parties to that proceeding, ordered "to abstain from charging, demanding, collecting, or receiving higher interstate rates for the transportation of grain and grain products from interior Missouri points to St. Louis, Mo., than the intrastate rates contemporaneously charged for the transportation of such commodities over their lines from said interior Missouri points to St. Louis." This order was made June 14, 1915. Upon the hearing by the court the exceptions to the special master's report were sustained and a decree for the amount of the overcharges entered.

[1] As to the plea that, appellees not having been parties to the injunction suit, they were not prevented from instituting proceedings, when the excess charges were made, it is sufficient to say that that action was against all shippers, although only one shipper was made a party defendant, and was therefore a class suit and binding on all parties. Hartford Life Ins. Co. v. Ibs, 237 U. S. 662, 671, 35 Sup Ct. 692, 59 L. Ed. 1165, L. R. A. 1916A, 765.

[2] Nor can the constitutionality of the Missouri acts, upon the ground that the rates were confiscatory, be raised in this action; the Supreme Court having held that the injunction proceedings to which appellant was a party plaintiff and appellees parties defendant by reason of that action having been a class suit, were without merit and the bill directed to be dismissed. The main question in that suit was whether the state rates were confiscatory. Missouri Rate Cases, 230 U. S. 474, 33 Sup. Ct. 975, 57 L. Ed. 1571. In Missouri v. Chicago, Burlington & Quincy R. R., 241 U. S. 533, 539, 36 Sup. Ct. 715, 60

L. Ed. 1148, the identical question, arising out of the same proceeding, was before the court, and it was held that the decree in the Missouri Rate Cases did not leave the matter open so that in a subsequent individual case, brought to recover excess fares, paid during the period covered by the company's injunction suit, the defendant can again attack the constitutionality of the law. This was reaffirmed in Minneapolis, St. P. & S. S. M. Ry. Co. v. C. L. Merrick Co., 254 U. S. 376, 41 Sup. Ct. 142, 65 L. Ed. ——, and in the late case of Ex parte, In the Matter of Lincoln Gas & Elec. Light Co., decided June 1, 1921, 255 U. S. ——, 41 Sup. Ct. 558, 65 L. Ed. ——.

Does the decision by the Interstate Commerce Commission in the Southwestern Missouri Millers' Case, supra, change this rule? The report of the Commission in that case was filed June 14, 1915. The opinion of the Supreme Court in the Chicago, Burlington & Quincy Railroad Case was filed June 12, 1916, a year later, and the Lincoln Gas & Elec. Light Co. Case on June 1, 1921. Aside from this, the order of the Commission did not prescribe intrastate rates for the future; it only required that in the future interstate and intrastate rates should be alike. In American Express Co. v. Caldwell, 244 U. S. 617, 625, 37 Sup. Ct. 656, 660 (61 L. Ed. 1352), the Supreme Court, upon a finding that it was not shown that the interstate rate was not reasonable, held:

"The order [of the Commission] properly left to the carriers discretion to determine how the discrimination should be removed; that is, whether by lowering the interstate rates or by raising the intrastate rates or by doing both."

[3] That appellees are entitled to interest on the excess charges collected is conclusively settled in Arkadelphia Milling Co. v. St. Louis Southwestern R. R., 249 U. S. 134, 39 Sup. Ct. 237, 63 L. Ed. 517.

The decree is affirmed.

---

⬭For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes