313 F.2d 906
 114 U.S.App.D.C. 225
 STATES MARINE LINES, INC., Petitioner,
v.
FEDERAL MARITIME COMMISSION and United States of America,
Respondents.
ISBRANDTSEN COMPANY, Inc., Petitioner,
v.
FEDERAL MARITIME COMMISSION (formerly Federal Maritime
Board) and UnitedStates of America, Respondents,
States Marine Lines, Inc., Intervenor.
 Nos. 16667, 16671.
 United States Court of Appeals District of Columbia Circuit.
 Argued Sept. 26, 1962.
Decided Jan. 3, 1963, Petition for Rehearing En Banc Denied
Feb. 7, 1963.
 
 Mr. Elkan Turk, Jr., Washington, D.C., with whom Mr. Elkan Turk, Washington, D.C., was on the brief, for petitioner in No. 16,667 and intervenor in No. 16,671.
 Mr. Richard W. Kurrus, Washington, D.C., with whom Mr. James N. Jacobi, Washington, D.C., was on the brief, for petitioner in No. 16,671.
 Mr. Paul D. Page, Jr., Atty., Federal Maritime Commission, with whom Mr. James L. Pimper, Gen. Counsel, Federal Maritime Commission, was on the brief, for respondent Federal Maritime Commission. Messrs. Robert E. Mitchell, Deputy Gen. Counsel, Federal Maritime Commission, and Thomas D. Wilcox, Atty., Federal Maritime Commission, also entered appearances for respondent Federal Maritime Commission.
 Mr. Joel E. Hoffman, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Irwin A. Seibel, Atty., dept. of Justice, was on the brief, for respondent United Ststes.
 Before WILBUR K. MILLER, DANAHER and WRIGHT, Circuit Judges.
 J. SKELLY WRIGHT, Circuit Judge.
 
 
 1
 States Marine Lines, Inc. (SML) and Waterman Steamship Corporation (Waterman) are members of the Far East Conference of steamship lines. This conference operates a dual rate contract system in the cotton trade originating from the Gulf ports. Briefly, this system establishes one tariff for the shipment of cotton for those shippers who contract to ship exclusively on conference member lines, and another tariff, four dollars per ton, or approximately 10 per cent, higher, for shippers who do not.
 
 
 2
 Isbrandtsen is a common carrier by water in foreign commerce in addition to being a merchant in international trade. In 1952, Isbrandtsen, as a carrier, contracted with H. Kempner, a non-conference cotton shipper, to transport certain raw cotton belonging to Kempner from Gulf ports to Japan. Isbrandtsen anticipated chartering a vessel to haul the cotton, but when the time for carriage arrived, no non-conference vessels were available. Isbrandtsen then contacted SML and Waterman to arrange shipment on those lines. Not being at that time under a conference contract,[1] to obtain the lower rate Isbrandtsen offered to sign one. The offer was refused. Under protest, Isbrandtsen shipped the cotton at the higher rate and promptly filed a claim[2] with the Federal Maritime Board alleging, inter alia, that the denial of the contract constituted unjust discrimination in violation of Section 17 of the Shipping Act, 1916.[3] The Board sustained Isbrandtsen's claim and awarded damages in the amount of the differential between the contract and non-contract rates, but allowed interest only from sixty days after the date of the award. The case is now before us on cross-appeals,[4] SML contesting the finding of discrimination and the measure of damages, and Isbrandtsen contesting the limitation on interest. Waterman did not appeal.
 
 
 3
 SML contends that the Board's finding that SML and Waterman refused to allow Isbrandtsen to execute a shipper's contract is not supported by substantial evidence.[5] In the alternative, SML asserts that, since Isbrandtsen was neither the shipper nor the owner[6] of the particular cotton involved here, it would not have been entitled to the contract rates even if Isbrandtsen had been given a contract. These determinations being findings of fact, our scope of review is restricted to determining whether the findings of the agency are supported by substantial evidence viewing the record as a whole.[7] We conclude that the Board's findings were so supported.
 
 
 4
 Relying upon Eden Mining Co. v. Bluefields Fruit & S.S. Co., 1 U.S.S.B. 41 (1922), SML contends that Isbrandtsen has not properly established its damages since it proved only the rate differential. In Eden, a shipper claimed reparations alleging unjust discrimination under Sections 16 and 17[8] of the Act. The Board found unjust discrimination but rejected the rate differential as the measure of damages:
 
 
 5
 '* * * The fact of injury and the exact amount of pecuniary damage age must be shown by further and other proof before the board may extend relief. We think it is clear that proof of unlawful discrimination within the meaning of the act, by showing the charging of different rates from shippers receiving the same service, does not, as a matter of course, establish the fact of injury and the amount of damage to which the complainants may be entitled by way of reparation.' Id. at 47-48.
 
 
 6
 Assuming that that case sets forth the correct measure of damages on the facts there involved,[9] reliance upon it here is misplaced. That case merely holds that proof of the differential does not 'as a matter of course' establish the damages. It does not hold that the differential can never be the measure of damages. In this case, unlike Eden, the usual market variables do not appear. Nor was other shipping available. Here, as shown by the record, Isbrandtsen received a flat fee from Kempner for handling the shipment. The differential, therefore, represented the exact amount of its actual damages.
 
 
 7
 Finally, Isbrandtsen appeals the denial of interest on the damages. Generally, interest is granted on transportation overcharge claims from the date of payment of the overcharge.[10] While the claim in suit technically does not involve an overcharge, nevertheless, it has been the Board's practice to award interest under these circumstances.[11] The Board justifies its failure to do so here on the ground that Isbrandtsen did not prove the exact dates on which its claims for damages accrued. The evidence shows that all transactions, including payment of the freight charges, took place during the period August 3 to September 18, 1952. Isbrandtsen has waived interest accrued prior to the filing of its complaint, November 3, 1952. Interest should be granted from that date.
 
 
 8
 So ordered.
 
 
 
 [1]
 Isbrandtsen had been under conference contract from 1946 to 1948
 
 
 [2]
 Pursuant to 39 Stat. 736, 46 U.S.C. 821
 
 
 [3]
 39 Stat. 728, 46 U.S.C. 816
 
 
 [4]
 Administrative Orders Review Act of 1950, 64 Stat. 1129, as amended 68 Stat. 961, 5 U.S.C. 1032
 
 
 [5]
 SML admits that Isbrandtsen sought a contract. Unfortunately, according to SML, it had no contract forms available at the time. The Board found that SML acted in bad faith. We agree. It appears that the competition of Isbrandtsen in its carrier capacity was a major factor in the decision of the conferences to adopt these dual rate systems. Isbrandtsen has repeatedly challenged their legality in the courts. See. e.g., Isbrandtsen Company v. United States, 99 U.S.App.D.C. 312, 239 F.2d 933 (1956), affirmed sub nom. Maritime Board v. Isbrandtsen Co., 356 U.S. 481, 78 S.Ct. 851, 2 L.Ed.2d 926 (1958); Isbrandtsen Co. v. United States, 93 U.S.App.D.C. 293, 211 F.2d 51 (1954), cert. denied sub nom. Federal Maritime Board v. United States et al., 347 U.S. 990, 74 S.Ct. 852, 98 L.Ed. 1124 (1954); Isbrandtsen Co. v. United States, S.D.N.Y., 96 F.Supp. 883 (1951), affirmed by equally divided Court sub nom. Federal Maritime Board v. United States et al., 342 U.S. 950, 72 S.Ct. 623, 96 L.Ed. 706 (1952)
 
 
 [6]
 Isbrandtsen is described as the shipper by SML on its own shipping documents. And nowhere in those documents or on the conference contract form is the shipper required to be the owner of the goods shipped. Moreover, in the circumstances of this case, Isbrandtsen was neither agent nor broker for Kempner. Restatement, Agency (Second) 2; Mechem, Agency 2362 (2d Ed. 1914)
 
 
 [7]
 60 State. 243, 5 U.S.C. 1009(e); Universal Camera Corp. v. Labor Bd., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951)
 
 
 [8]
 39 Stat. 734, 46 U.S.C. 815 and 816
 
 
 [9]
 There has been no judicial determination of the correct measure of damages under the Shipping Act. Supreme Court decisions in similar situations have not been consistent. Compare Meeker & Co. v. Lehigh Valley R.R., 236 U.S. 412, 35 S.Ct. 328, 59 L.Ed. 644 (1915), and I.C.C. v. United States, 289 U.S. 385, 53 S.Ct. 607, 77 L.Ed. 1273 (1933). See Annotation, 77 L.Ed. 1279
 
 
 [10]
 Louisville & N.R.R. v. Sloss-Sheffield Co., 269 U.S. 217, 238-239, 46 S.Ct. 73, 70 L.Ed. 242 (1925); Wabash Ry. Co. v. Koenig, 8 Cir., 274 F. 909 (1921), cert. denied, 257 U.S. 660, 42 S.Ct. 186, 66 L.Ed. 422 (1921); Arkadelphia Co. v. St. Louis S. W. Ry. Co., 249 U.S. 134, 147, 39 S.Ct. 237, 63 L.Ed. 517 (1919)
 
 
 [11]
 Roberto Hernandez, Inc. v. Arnold Bernstein S., M.B.H., 2 U.S.M.C. 62 (1939); American Tobacco Co. v. Com.Gen. Transatlantique, 1 U.S.S.B. 97 (1925), affirmed, 2 Cir., 31 F.2d 663 (1929), cert. denied, 280 U.S. 555, 50 S.Ct. 16, 74 L.Ed. 611 (1929)